```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**RONALD WALKER**                    :       **CIVIL ACTION**
                                     :
    **v.**       :
                                     :
**NORMAN ORVILLE SCOTT, ESQUIRE, et al.**:   **NO. 09-4526**

<u>**M E M O R A N D U M**</u>

**SHAPIRO, J.**                              **OCTOBER      , 2009**

    Plaintiff has filed a <u>pro se</u> 42 U.S.C. § 1983 civil rights lawsuit against a Judge of the Philadelphia Court of Common Pleas, an assistant district attorney, a defense attorney and five John and Jane Does.  He is alleging that the petition that he filed under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 <u>et</u> <u>seq</u>., was dismissed as frivolous because his criminal defense attorney submitted false documents to the court.  He further alleges that false documents were submitted to the Pennsylvania Superior Court and the Pennsylvania Supreme Court in his appellate proceedings.  He is seeking money damages.

**I. STANDARD OF REVIEW**

    The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless."  <u>Id</u>. at 327.

**II. DISCUSSION**

    **A.**    **Judicial Immunity**

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Ricardo C. Jackson was acting outside of his judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Jackson must be dismissed.

    **B.**    **Prosecutorial Immunity**

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that Assistant District Attorney Robin Godfrey acted outside of the scope of her prosecutorial duties in connection with plaintiff's criminal case. Accordingly, the claims against Assistant District Attorney Robin Godfrey will also be dismissed.

    **C.**    **John and Jane Doe Defendants**

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). This complaint does not contain any

information about the identities of the John and Jane Doe defendants that would allow this Court to find that they are state actors or that they violated plaintiff's constitutional rights.

### D. Defense Attorneys

A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983.  Polk County v. Dodson, 454 U.S. 312 (1981).  Therefore, plaintiff's criminal defense attorney Norman Orville Scott, Esq. cannot be sued under § 1983.

## III. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.